NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JONAS RAMIRO GUTIERREZ-VIDAL;
AISA MARISOL MARROQUIN; JONAS
ISAAC GUTIERREZ-MARROQUIN,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-3964

Agency Nos. A220-988-786;
A220-988-787; A220-988-788

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2025[**]
San Francisco, California

Before: OWENS, VANDYKE, and JOHNSTONE, Circuit Judges.

Petitioners Jonas Gutierrez-Vidal and his wife and minor son (collectively

"Petitioners"), natives and citizens of Guatemala, seek review of a Board of

Immigration Appeals ("BIA") decision affirming a decision by an Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Judge ("IJ") denying Petitioners' claims for asylum, withholding of removal, and Convention Against Torture ("CAT") protection. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When reviewing final orders of the BIA, we apply the highly deferential substantial evidence standard to the agency's findings of fact. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). Under this standard, the agency's facts are considered "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006)). We review questions of law de novo. *Id.* "Where, as here, the BIA summarily adopts the IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as if it were the BIA's decision." *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (quoting *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011)).

Before this court, Petitioners raise a claim for ineffective assistance of counsel. But to exhaust a claim of ineffective assistance of counsel regarding prior counsel's performance before the BIA, this court requires the petitioner to file a motion to reopen with the BIA and first raise the claim there. *See Benedicto v. Garland*, 12 F.4th 1049, 1062 (9th Cir. 2021). Petitioners failed to do so. Thus this court may not review the ineffective assistance of counsel claim. *See Suate-*

*Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024); *see also Benedicto*, 12 F.4th at 1062.

Petitioners' asylum and withholding of removal claims fail because substantial evidence supports the IJ's determinations that Petitioners neither suffered past persecution on account of their membership in a protected class nor had an objectively reasonable fear of future persecution if they were returned to Guatemala. These determinations are dispositive of Petitioners' claims for asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023).

Substantial evidence supports the IJ's determination that Petitioners' past persecution claim fails because Petitioners' alleged extortion "bears no nexus to a protected ground." *Rodriguez-Zuniga*, 69 F.4th at 1020 (quoting *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010)). Substantial evidence in the record supports the agency's conclusion that the gang responsible for allegedly harming Petitioners was motivated by financial gain, and there was no indication that the gang targeted them on account of a particular characteristic or actual or imputed belief.

Substantial evidence also supports the agency's conclusion that Petitioners failed to establish an objectively reasonable fear of future persecution if they were returned to Guatemala. *See Al-Harbi v. I.N.S.*, 242 F.3d 882, 888 (9th Cir. 2001). Petitioners had no further encounters with the gang in the months after they moved

3

out of their house, nor has Gutierrez-Vidal's other son who is still in Guatemala had any encounters with the gang.

Substantial evidence likewise supports the IJ's denial of Petitioners' CAT claim. The IJ noted that there was no evidence in the record that any gang members who extorted Petitioners would be able to find them and explained that "generalized evidence of violence and crime" without any risk that is particular to the applicant is insufficient to prove eligibility for CAT protection. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). The record therefore does not compel the conclusion that Petitioners will more likely than not be tortured if returned to Guatemala.

**PETITION DENIED.**[1]

---

[1] The stay of removal remains in place until the mandate issues.